UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAOUL HYACIATHE,

                Plaintiff,

-against-

LONI FERNANDEZ; COMMUNITY ACCESS,

                Defendants.

22-CV-1709 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint naming "Social Security" as the Defendant and alleging that his landlord charged him twice for rent. By order dated May 16, 2022, the Court granted Plaintiff leave to file an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure.

    Plaintiff filed an amended complaint on June 16, 2022, restated the same facts, but named Loni Fernandez and Community Access as defendants. The Court, having reviewed the amended pleading, concludes that the new submission also fails to state a claim showing that Plaintiff is entitled to relief from the newly named Defendants. The Court therefore dismisses the amended complaint for failure to state a claim upon which relief may be granted but grants him 30 days' leave to file a second amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

On May 16, 2022, the Court granted Plaintiff leave to file an amended complaint because he failed to state a claim against Defendant Social Security. In the amended complaint, Plaintiff names as Defendants Loni Fernandez and Community Access. He invokes this Court's diversity jurisdiction and indicates that he resides in New York and that Fernandez works at a Social Security office in New York; he also indicates that Fernandez works at Community Access in New York City. He restates the facts from his original complaint, stating that his landlord "make [*sic*] me pay rent twice in one month." (ECF 7, at 5.)

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 8 also requires that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), which was overruled by *Twombly* on other grounds).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (1988) (citing Fed. R. Civ. P. 12(f)).

Plaintiff's amended complaint fails to state facts showing that he is entitled to relief from Fernandez or Community Access. The facts suggest that Plaintiff seeks relief from his landlord, who allegedly charged Plaintiff rent twice in one month. He originally named Social Security as a defendant, but now he names Fernandez, who Plaintiff states works at Social Security, as well as Community Access, an entity that provides housing in New York County.[1] Plaintiff does not state any facts regarding these new defendants or their alleged roles in violating any of Plaintiff's rights, but Community Access may be Plaintiff's landlord. Even if this entity is Plaintiff's landlord, however, Plaintiff does not state how charging him rent twice in one month violated any of his federal rights. Accordingly, even assuming that Plaintiff sues Community Access for overcharging him rent, the Court dismisses the complaint for failure to state a claim because he does not allege that this Defendant violated any federal law.[2]

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although the amended complaint does not state a claim, the Court grants Plaintiff another opportunity to amend because he may be attempting to state a claim against Community Access. If Plaintiff files a second amended complaint, he must state facts suggesting that Community Access violated his rights under federal law.

---

[1] *See* Community Access, www.communityaccess.com.

[2] Plaintiff states that the Court has diversity jurisdiction of his claim, but the amended complaint indicates that the parties are not of diverse citizenship or that the amount in controversy exceeds $75,000, the two requirements under the diversity statute that must be alleged in a pleading. *See* 28 U.S.C. § 1332. Even if Plaintiff were provided an opportunity to drop defendants who reside in New York, he cannot show that the amount in controversy exceeds the statutory amount, as this action concerns two rental payments.

## CONCLUSION

Plaintiff's amended? complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to file a second amended complaint. A second amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 19, 2022
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                  Chief United States District Judge